UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAURICE A. THOMPSON,

Defendants.

Case No. 20-cv-40052-JPG-002

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Maurice A. Thompson's Motion for

Pretrial Disclosure of Evidence and Information (Doc. 61).

As a preliminary matter, the Court notes that there is no general constitutional right to

discovery in a criminal case.  *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *see Gray v.

Netherland*, 518 U.S. 152, 168 (1996).  However, Rule 16 of the Federal Rules of Criminal

Procedure and constitutional due process regarding exculpatory material allow criminal

defendants limited access to information regarding the Government's case.

The Court's Order for Pre-Trial Discovery and Motion Practice (Doc. 47) orders the

parties to comply with those rules.  It further instructs the parties to attempt to resolve discovery

disputes without recourse to the Court.  If the parties have tried to resolve their disputes and have

been unable to do so, the Court allows them to file a motion for discovery and a brief in support

of the motion within 28 days of the arraignment.  Any motion filed must contain a statement that

a discovery conference was held and that agreement could not be reached concerning the

discovery or inspection that is the subject of the motion.  The defendant has not included the

required statement in his motion.

Even if the defendant had met all of the technical requirements, the Court would deny the motion for the following reasons. To the extent that the defendant requests material required to be produced pursuant to Rule 16, the requests are moot in light of the Government's open file policy and absent an indication that the Government is not complying with that rule. To the extent that the defendant requests material required to be produced by *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), the Government has been ordered to comply with and has acknowledged its continuing obligations under those cases. It has been repeatedly held that where the Government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g.*, *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992). To the extent that the defendant requests information beyond that required to be produced under Rule 16, *Brady* or *Giglio*, the request is overbroad and would be denied.

For all of these reasons, the Court **DENIES** the defendant's motion (Doc. 61).

**IT IS SO ORDERED.**
**DATED:  December 2, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2